UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRY CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| NFI MANAGEMENT, INC. | § | SA-07-CV-0335 OG (NN) |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The matter before the Court is plaintiff's motion for appointment of counsel (docket entry 2). In this case, plaintiff complains that defendant discriminated against her on the basis of race and her disability[1] when she was harassed and terminated from her employment.

The ADA and Title VII of the Civil Rights Act of 1964 ("Title VII") use the same criteria to resolve requests for appointment of counsel.[2] Title VII provides that "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."[3] Although this section grants the right to request an attorney, it does not

---

[1] Plaintiff did not identify either her race or her disability in her complaint (see para. 7). In paragraph 8 of the complaint she stated that she was terminated 60 days after informing her employer that she was legally blind. On page one of her complaint she indicated that is predicating her case on the violation of the Americans with Disabilities Act.

[2] 42 U.S.C. § 12117; **See also Johnson v. City of Port Arthur**, 892 F.Supp. 835, 840 (E.D. Tex. 1995) (requests for appointment of counsel in cases arising under the Americans with Disabilities Act are analyzed by the same criteria as requests for appointment of counsel in cases arising under Title VII of the Civil Rights Act).

[3] 42 U.S.C. § 2000e-5(f)(1).

confer a right to actually have one appointed. The decision whether to appoint an attorney is one within the broad discretion of the trial judge given the particular facts of the case.[4] The following three factors are generally balanced by courts in determining whether to appoint an attorney: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel.[5] Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney, and the Fifth Circuit has recognized the correctness of such further inquiry.[6]

Applying these factors to this case, I conclude that plaintiff's request for court appointed counsel is without merit. Plaintiff's application fails to demonstrate that she has made sufficient attempts to retain counsel. While she has contacted several attorneys she fails to explain in her motion why counsel have declined to represent her.

Further, at this early juncture in the case, it is unclear if this cause has merit. The EEOC dismissed plaintiff's charge of discrimination in a letter dated January 9, 2007 in which the Deputy Director of the Dallas District Office stated:

> Our review of your charge indicates that it is very unlikely that further investigation will establish a violation of the laws we enforce. The available evidence is insufficient to establish that your alleged disability or retaliation was a factor in your employment experiences. The available evidence indicates that you were terminated

---

[4] **Gonzalez v. Carlin**, 907 F.2d 573, 579 (5th Cir. 1990); and **Reado v. Texas General Land Office**, 929 F. Supp. 1046, 1051-52 (E.D. Tex. 1996) (district court adopted magistrate's recommendation denying appointment of counsel to plaintiff who had brought claims under Title VII and the ADEA).

[5] **Carlin**, 907 F.2d at 580; and **Reado**, 929 F. Supp. at 1052. **See also Salmon v. Corpus Christi Indep. Sch. Dist.**, 911 F.2d 1165, 1166 (5th Cir. 1990); and **Neal v. IAM Local Lodge 2386**, 722 F.2d 247, 250 (5th Cir. 1984).

[6] **Salmon**, 911 F.2d at 1166-67; and **Reado**, 929 F. Supp. at 1052.

> due to performance problems and unsatisfactory attendance. There is insufficient evidence to show that you have a disability as defined by the law, i.e., a physical or mental impairment that substantially limits one or more of your major life activities. While not inherently controlling in our decision, we also note the lack of direct evidence of discrimination and the apparent lack of witnesses who could provide specific information to support your claims of discrimination.

There is nothing in plaintiff's complaint which would undermine the above preliminary conclusions of the EEOC regarding the potential merit of plaintiff's claim.

Finally, thus far plaintiff has failed to establish that her financial status warrants appointment of an attorney and that with her education –she explains that she has some college – she is unable to represent herself.

For these reasons, I find that plaintiff has failed to establish that the appointment of counsel. Plaintiffs' request for appointment of counsel is therefore **DENIED**.

**SIGNED** on April 17, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE